FILED
CLERK, U.S. DISTRICT COURT
DEC 15 2014
CENTRAL DISTRICT OF CALIFORNIA
BY DC DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

Patricia Gonzales

        Defendant.

CASE NO. 5:14CR137-VAP

ORDER OF DETENTION

## I.

A. (✓) On motion of the Government in a case allegedly involving:

  1. ( ) a crime of violence.

  2. ( ) an offense with maximum sentence of life imprisonment or death.

  3. (✓) a narcotics or controlled substance offense with maximum sentence of ten or more years.

  4. ( ) any felony - where the defendant has been convicted of two or more prior offenses described above.

  5. ( ) any felony that is not otherwise a crime of violence that involves a minor victim, or possession or use of a firearm or destructive device or any other dangerous weapon, or a failure to register under 18 U.S.C § 2250.

B. ( ) On motion by the Government / ( ) on Court's own motion, in a case

ORDER OF DETENTION AFTER HEARING (18 U.S.C. §3142(I))
CR-94 (06/07)

1         allegedly involving:

2     ( )    On the further allegation by the Government of:

3     1. ( )    a serious risk that the defendant will flee.

4     2. ( )    a serious risk that the defendant will:

5        a. ( ) obstruct or attempt to obstruct justice.

6        b. ( ) threaten, injure, or intimidate a prospective witness or juror or

7           attempt to do so.

C. The Government (✓) is/ ( ) is not entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of any person or the community.

## II.

A. (✓) The Court finds that no condition or combination of conditions will reasonably assure:

1. (✓) the appearance of the defendant as required.
   ( ) and/or
2. ( ) the safety of any person or the community.

B. (✓) The Court finds that the defendant has not rebutted by sufficient evidence to the contrary the presumption provided by statute.

## III.

The Court has considered:

A. the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

B. the weight of evidence against the defendant;

C. the history and characteristics of the defendant; and

D. the nature and seriousness of the danger to any person or to the community.

IV.

The Court also has considered all the evidence adduced at the hearing and the arguments and/or statements of counsel, and the Pretrial Services Report/recommendation.

V.

The Court bases the foregoing finding(s) on the following:

A. (✓) As to flight risk: • ASSOCIATED WITH MULTIPLE PERSONAL IDENTIFIERS
• NO VIABLE BAIL RESOURCES
• SUBSTANCE ABUSE HISTORY
• UNVERIFIED BACKGROUND
• SUBMISSION

B. ( )  As to danger: _____

VI.

A. ( )    The Court finds that a serious risk exists that the defendant will:

    1. ( ) obstruct or attempt to obstruct justice.

    2. ( ) attempt to/ ( ) threaten, injure or intimidate a witness or juror.

B. The Court bases the foregoing finding(s) on the following:

_____
_____
_____
_____
_____
_____
_____

VII.

A. IT IS THEREFORE ORDERED that the defendant be detained prior to trial.

B. IT IS FURTHER ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

C. IT IS FURTHER ORDERED that the defendant be afforded reasonable opportunity for private consultation with counsel.

D. IT IS FURTHER ORDERED that, on order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

DATED: 12/15/14

DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

ORDER OF DETENTION AFTER HEARING (18 U.S.C. §3142(I))

```
                            FILED

                    2014 DEC -3  PM 3:58

                    CLERK U.S. DISTRICT COURT
                     CENTRAL DIST. OF CALIF.
                          RIVERSIDE

                    BY_____
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

September 2014 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>ANGELO P. JEFFERS,<br>　aka "Cracker," and<br>PATRICIA GUTTIEREZ,<br><br>　　　　Defendants. | ED CR No. 14-0137<br><br>I N D I C T M E N T<br><br>[21 U.S.C. § 846: Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine; 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii): Distribution of Methamphetamine; 18 U.S.C. § 2(a): Aiding and Abetting] |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. § 846]

A.　OBJECTS OF THE CONSPIRACY

　　Beginning on or about July 3, 2013, and continuing to on or about August 21, 2013, in San Bernardino County, within the Central District of California, and elsewhere, defendant ANGELO P. JEFFERS, also known as "Cracker" ("JEFFERS"), and defendant PATRICIA GUTIERREZ ("GUTIERREZ"), and others known and unknown to the Grand Jury, conspired and agreed with each other to knowingly and intentionally possess with intent to distribute and to distribute at least fifty

grams of methamphetamine, a schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii).

B.  **MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE ACCOMPLISHED**

The objects of the conspiracy were to be accomplished in substance as follows:

1. Defendants JEFFERS and GUTIERREZ would sell methamphetamine to other individuals for money at either a public park or their residence, both of which were located in San Bernardino, California.

2. Defendants JEFFERS and GUTIERREZ would negotiate methamphetamine transactions, including the quantity and price of the methamphetamine, in person or over the telephone with their customers.

3. When selling methamphetamine at their residence, defendants JEFFERS and GUTIERREZ would walk out of their residence and bring methamphetamine to the customer in exchange for cash.

C.  **OVERT ACTS**

In furtherance of the conspiracy and to accomplish the objects of the conspiracy, defendants JEFFERS and GUTIERREZ, and others known and unknown to the Grand Jury, committed various overt acts in San Bernardino County, within the Central District of California, and elsewhere, including, but not limited to, the following:

Overt Act No. 1:   On July 3, 2013, defendants JEFFERS and GUTIERREZ sold a confidential informant working on behalf of law enforcement (the "CI") methamphetamine in a public park in San Bernardino, California, in exchange for cash.

1    <u>Overt Act No. 2</u>:   On July 17, 2013, defendant GUTIERREZ met
2  the CI in a public park in San Bernardino and gave the CI the
3  telephone numbers of defendants GUTIERREZ and JEFFERS.
4    <u>Overt Act No. 3</u>:   On July 17, 2013, defendant GUTIERREZ
5  arranged to sell the CI methamphetamine at a public park or near her
6  residence.
7    <u>Overt Act No. 4</u>:   On July 17, 2013, defendants GUTIERREZ and
8  JEFFERS sold the CI methamphetamine outside their residence in
9  San Bernardino, California, in exchange for cash.
10   <u>Overt Act No. 5</u>:   On July 23, 2013, defendants GUTIERREZ and
11 JEFFERS spoke to the CI by telephone and agreed to sell the CI
12 methamphetamine.
13   <u>Overt Act No. 6</u>:   On July 23, 2013, defendants GUTIERREZ and
14 JEFFERS sold the CI methamphetamine outside their residence in
15 San Bernardino, California, in exchange for cash.
16   <u>Overt Act No. 7</u>:   On August 6, 2013, defendant GUTIERREZ spoke
17 to the CI by telephone and agreed to sell the CI methamphetamine.
18   <u>Overt Act No. 8</u>:   On August 6, 2013, defendants GUTIERREZ and
19 JEFFERS sold the CI methamphetamine outside their residence in
20 San Bernardino, California, in exchange for cash.
21   <u>Overt Act No. 9</u>:   On August 21, 2013, defendants GUTIERREZ and
22 JEFFERS sold the CI methamphetamine outside their residence in
23 San Bernardino, California, in exchange for cash.
24   <u>Overt Act No. 10</u>:   On August 21, 2013, defendants GUTIERREZ and
25 JEFFERS sold the CI approximately 107.5 grams of methamphetamine
26 outside their residence in San Bernardino, California, in exchange
27 for cash.
28

```
                          COUNT TWO

     [21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]
```

On or about August 21, 2013, in San Bernardino County, within the Central District of California, defendant ANGELO P. JEFFERS, also known as "Cracker," and defendant PATRICIA GUTIERREZ, each aiding and abetting the other, knowingly and intentionally distributed at least fifty grams, that is, approximately 107.5 grams, of methamphetamine, a schedule II controlled substance.

                                         A TRUE BILL


                                         _____
                                         Foreperson

STEPHANIE YONEKURA
Acting United States Attorney

*[signature]*

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

JOSEPH B. WIDMAN
Assistant United States Attorney
Chief, Riverside Branch Office

DANIEL ACKERMAN
Assistant United States Attorney
Riverside Branch Office

```
STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
DANIEL ACKERMAN (Cal. State Bar No.: 215797)
Assistant United States Attorney
Riverside Branch Office
     3403 Tenth Street
     Suite 200
     Riverside, California 92501
     Telephone: (951) 276-6087
     Facsimile: (951) 276-6202
     E-mail: daniel.ackerman@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA
```

FILED 2014 DEC -3 PM 3:54
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY _____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ANGELO JEFFERS, and PATRICIA GUTIERREZ <br><br> Defendants. | No. ED CR 14-0137 VAP <br><br> [PROPOSED] ORDER SEALING INDICTMENT AND RELATED DOCUMENTS <br><br> [UNDER SEAL] |

For good cause shown, IT IS HEREBY ORDERED THAT:

Pursuant to Federal Rule of Criminal Procedure 6(e)(4), the indictment and any related documents in the above-titled case, the government's sealing application, and this order shall be kept under seal until such time as the government files a "Report Commencing Criminal Action" in this matter.

DATED: 12/3/14

SHERI PYM
UNITED STATES MAGISTRATE JUDGE

**OR IN CASE OF DENIAL:**

The government's application for sealed filing is DENIED. The sealing application will be filed under seal. The underlying document(s) shall be returned to the government, without filing of the documents or reflection of the name or nature of the documents on the clerk's public docket.

DATED: _____

_____
UNITED STATES MAGISTRATE JUDGE